<u>EXHIBIT C</u>

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| DIMITRIOS GALITSIS, | ) | Case No.:     8:14-cv-3265-PWG |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| DOUGLAS J. SWIRSKY, *et al.* | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| GENVEC, INC., a Delaware Corporation, | ) | |
| | ) | |
| Nominal Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## [~~PROPOSED~~] ORDER AND FINAL JUDGMENT

WHEREAS, the Stipulation of Settlement (the "Stipulation"), executed on January 23 2015 (the "Settlement"), in the above-captioned action ("Action") was presented at the settlement hearing held on *MAY* 6, 2015 (the "Settlement Hearing"), pursuant to the Court's Order Preliminarily Approving Derivative and Class Action Settlement and Providing For Notice ("Preliminary Approval Order") entered herein on *MAY* 6, 2015;

WHEREAS, the Stipulation was joined and consented to by all parties to the above-captioned action;

WHEREAS, pursuant to the Preliminary Approval Order, this Court preliminarily approved the Settlement and the publication of the Summary Notice of Proposed Settlement of

Derivative and Class Action (the "Summary Notice") and Notice of Proposed Settlement of
Derivative and Class Action (the "Notice");

WHEREAS, the Summary Notice and Notice have been published in accordance
with the Preliminary Approval Order; and

WHEREAS, the Court, having heard and considered the Stipulation at the
Settlement Hearing; the attorneys for the parties having been heard; an opportunity to be heard
having been given to all other persons requesting to be heard in accordance with the Notice and
Scheduling Order; the Court having determined that the Notice met the requirements of Federal
Rule of Civil Procedure 23 and 23.1 and was adequate and sufficient; and the entire matter of the
Settlement having been heard and considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, this 6ᵗʰ day of
May, 2015, that *for the reasons stated on the record during the hearing held on May 6, 2015, which are incorporated herein by reference,*

1.      This Judgment and Order of Dismissal with Prejudice ("Judgment")
incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein
shall have the same meaning as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action, including
all matters necessary to effectuate the Settlement, and over all parties to the Action, including
Plaintiff, the Class, and Defendants.

3.      The Court finds that, for purposes of settlement only, the Action is a
proper class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), and (b)(2).
Specifically, this Court finds that:  (a) the members of the Class are so numerous that separate
joinder of each member is impracticable; (b) there are questions of law or fact common to the
Class, including whether the disclosures made by GenVec in connection with its 2013 Schedule

14A Proxy Statement were adequate and whether certain of the Individual Defendants breached their fiduciary duties to members of the Class; (c) the claims or defenses of the Plaintiff are typical of the claims or defenses of the Class in that they all arise from the same allegedly wrongful course of conduct and are based on the same legal theories; (d) Plaintiff and his counsel have fairly and adequately protected the interest of GenVec and the Class; (e) the prosecution of separate actions by individual members of the Class would create a risk of either (i) inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants, or (ii) adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members of the Class who are not parties to the adjudications or substantially impair or impeded their ability to protect their interest; and (f) there were allegations that Defendants acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. Thus, for the purposes of settlement only, the Action is a proper class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(1) and 23(b)(2).

4.     The Action is certified as a class action pursuant to the Federal Rules of Civil Procedure 23(a), (b)(1), and (b)(2) on behalf of the Class consisting of all owners of GenVec common stock as of October 11, 2013, the record date for the determination of stockholders who were entitled to vote at the 2013 Annual Meeting, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them. Excluded from the Class are Defendants, members of the immediate family of any of Defendants, any entity in

which any of Defendants has or had a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded person.

5.      For purposes of the Settlement only, Plaintiff Dimitrios Galitsis is hereby certified as the representative of the Class and Nicholas I. Porritt of the law firm Levi & Korsinsky LLP is hereby appointed class counsel.

6.      The Court finds that the Summary Notice of Proposed Settlement of Derivative and Class Action (the "Summary Notice") published in *Investor's Business Daily* and GenVec's posting the Notice of Proposed Settlement of Derivative and Class Action ("Notice") to the Investor Relations page of GenVec's website provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all persons entitled to such notice, and said notices fully satisfied the requirement of the Federal Rules of Civil Procedure, including Rule 23.1(c), Rule 23(c)(2)(A), and the requirements of due process.

7.      All members of the Class and all Current GenVec Stockholders are bound by this Judgment, as full and adequate notice of the proceedings was given and a full opportunity to be heard was provided to members of the Class and to all Current GenVec Stockholders.

8.      The Court finds that during the course of this Action, the Settling Parties and their respective counsel, at all times, complied with Rule 11 of the Federal Rules of Civil Procedure.

9.      The Court finds that the Settlement is fair, reasonable, and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and the Settlement in all respects, finds that the Settlement provides substantial benefits to GenVec, the Class, and

GenVec's shareholders, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

10.     The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice.  As between Plaintiff, the Class, and Defendants, the Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

11.     Upon the Effective Date, as defined in the Stipulation, Plaintiff shall have, and by operation of the Judgment shall be deemed to have, fully released and forever discharged, and shall forever be barred and enjoined from initiating, continuing, filing or otherwise prosecuting Released Claims against the Released Parties.

12.     Upon the Effective Date, as defined in the Stipulation, Plaintiff and any Class member shall have, and by operation of the Judgment shall be deemed to have, fully released and forever discharged, and shall forever be barred and enjoined from initiating, continuing, filing or otherwise prosecuting Released Claims against the Released Parties.

13.     Upon the Effective Date, as defined in the Stipulation, Plaintiff, all Current GenVec Stockholders, and GenVec shall have, and by operation of the Judgment shall be deemed to have, fully released and forever discharged, and shall forever be barred and enjoined from initiating, continuing, filing or otherwise prosecuting Released Claims against the Individual Defendants and each of their respective Related Parties, and any and all manner of claims, demands, rights, actions, causes of action, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters, issues, and liabilities and causes of action of every nature and description whatsoever, known, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, including Unknown Claims, that Plaintiff, any Current GenVec

Stockholder, or GenVec asserted or could have asserted derivatively on behalf of GenVec and which relate to or arise out of the facts, circumstances, and allegations asserted in the Action.

14.     The Released Claims shall not include any claims to enforce the terms of this Stipulation.

15.     Upon the Effective Date, each of the Defendants shall, and by operation of the Judgment shall be deemed to have, fully released and forever discharged Plaintiff and Plaintiff's Counsel, from all claims arising out of the institution, prosecution, Settlement or resolution of the Action, including Unknown Claims.

16.     The Settling Parties have expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
> FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS
> OR HER SETTLEMENT WITH THE DEBTOR.

The Settling Parties acknowledge, and members of the Class and all Current GenVec Stockholders are hereby deemed to have acknowledged, that the waiver of Unknown Claims was bargained for and is a key element of the Settlement.  Nothing herein shall in any way impair or restrict the rights of any of the Settling Parties to enforce the terms of the Stipulation.

17.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:  (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the

Defendants in any proceeding of any nature.  Defendants may file the Stipulation and/or Judgment in any action that has been or may be brought against him, her, or it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; and (ii) the Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and Settlement, including, if necessary, setting aside and vacating this Judgment, on motion of a party, to the extent consistent with and in accordance with the Stipulation if any condition set forth in ¶ 27 of the Stipulation fails to occur.

19.     This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk of the Court in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**

Dated: *May 6, 2015*                      _____
                                          United States District Judge


Paul W. Grimm
United States District Judge